OPINION
{¶ 1} Plaintiff-appellant, Jeffrey W. Aldrich, the administrator of the estate of Daniel C. Aldrich, appeals from a Columbiana County Common Pleas Court decision granting summary judgment in favor of defendant-appellee, American Manufacturers Mutual Insurance Company.
 {¶ 2} On June 12, 1999, 18-year-old Daniel C. Aldrich was traveling on Township Road 55 in Liberty Township, Hardin County. The vehicle he was driving collided with a vehicle operated by defendant, Patrick O'Connell. Daniel and his two passengers were killed as a result of the collision. It is undisputed that at the time of the accident, Daniel was operating his personal vehicle and was not within the scope of his employment. See Appellant's Brief, p. 4.
 {¶ 3} Appellant filed a complaint against Patrick O'Connell, William O'Connell, Pacific Indemnity Company, and a John Doe Insurance Company asserting claims on behalf of Daniel's estate for Daniel's bodily injuries and for wrongful death damages suffered by appellant, in his personal capacity as Daniel's father, and by Daniel's mother and siblings. Appellant subsequently amended the complaint to name appellee as a defendant via Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660. At the time of the accident, Daniel, his mother, and his father were all employed by Sterling China. Appellee had issued two business automobile policies and a commercial general liability policy to Sterling China.
 {¶ 4} Appellant settled with the O'Connells. Their insurer paid the policy limits to several individuals who made claims against them resulting from the accident. Appellant received $70,000 of those funds.
 {¶ 5} On November 26, 2001, appellee filed a motion for summary judgment alleging that an "other owned auto" exclusion precluded all of appellant's claims for UIM benefits. Appellant filed a competing motion for summary judgment asserting the "other owned auto" exclusion was ambiguous and therefore unenforceable. On March 12, 2002, the trial court granted appellee's summary judgment motion and overruled appellant's motion. The trial court ruled that the "other owned auto" exclusion clearly barred any recovery by appellant.
 {¶ 6} Appellant had one remaining claim regarding a commercial general liability policy, which he later dismissed, making the summary judgment order final and appealable. The trial court entered a judgment to that effect on April 14, 2003. Appellant filed his timely notice of appeal on May 8, 2003.
 {¶ 7} Appellant raises one assignment of error, which states:
 {¶ 8} "The trial court erred in ruling that the insurance policy American issued to Sterling China contained an `other owned auto' exclusion that clearly and unambiguously excluded the underinsured motorist claims of the decedent, his parents and his siblings."
{¶ 9} Appellant's arguments presume he, his wife, and Daniel were all insureds via Scott-Pontzer, supra, as the deceased and his parents were all employees of Sterling China.
 {¶ 10} On November 19, 2003, this court issued a journal entry notifying the parties that the Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, potentially affected this case. We instructed the parties to file any supplemental authority as to why we should or should not dispose of this case in accordance with Galatis.
Appellee subsequently filed a supplemental brief arguing thatGalatis controlled and the trial court's decision should be affirmed. Appellant did not file any supplemental authority. Additionally, on December 23, 2003, we issued a journal entry informing the parties that while oral argument had been requested, the request preceded the Galatis decision. Since we believed Galatis was possibly fully determinative of the merits of this case, we notified the parties that oral argument was considered waived and the matter was submitted for decision unless one of the parties filed a request for oral argument within ten days. We received no request from either party.
 {¶ 11} Per the Ohio Supreme Court's recent decision inGalatis, UM/UIM coverage does not extend to Daniel or his parents from their employer's policy ("Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.) nor does it extend to Daniel's siblings ("Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph three of the syllabus).
{¶ 12} Since coverage does not exist for Daniel, his parents, or siblings, the trial court's decision is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.